## TERRELL v. WILLIAMS.

### No. 7634.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1931.

Rehearing Denied Oct. 21, 1931.

Barnes & Pierson and Harris & Harris, all of Austin, for appellant.

Hart & Patterson, of Austin, for appellee.

BAUGH, J.

Appellant, plaintiff below, sued appellee for damages for personal injuries sustained by her while entering the basement of appellee's dry goods store in the city of Austin. The case was tried to a jury upon special issues, and, upon their answers thereto, the trial court entered judgment that plaintiff take nothing; hence this appeal.

The appellant's cause of action, predicated upon negligence, is based upon two grounds: First, negligent construction and maintenance of the steps in question; and, second, failure to provide adequate lights. Appellee's defense was, first, that appellant had executed a written release of her claim against him; and, second, that she was guilty of contributory negligence in entering the basement in question.

Appellant, by supplemental petition, pleaded that the release in question was procured by the agent of appellee through fraud and misrepresentation, and by procuring her signature at a time when she was suffering severe pain, under the influence of morphine, and did not realize what she was doing.

The jury found, first, that the appellant executed the release pleaded; second, that she did not at the time "know and understand that the instrument was a full release from any claim for damages she might have against the defendant." They also found that appellee was guilty of negligence in the manner in which the steps were constructed and maintained, and that such negligence was a proximate cause of her injury. They found against appellant on the issue of insufficient lighting; and that she was guilty of contributory negligence in the manner in which she went down the steps into the basement; and that such contributory negligence concurred with the negligence of appellee in causing her injuries.

We have reached the conclusion that the appellant did not show sufficient grounds to vitiate the release she admittedly signed, which was necessary in order for her to recover. While there were allegations of fraud and misrepresentation on the part of appel-

lee's agent in securing the release, no such issue was submitted to the jury nor requested to be submitted by either party. We have read carefully the statement of facts, and find no evidence of fraud or misrepresentation on the part of appellee or his agent. While appellant testified that she was, when she signed the release, in severe pain and under the influence of morphine, she further testified in detail as to the nature and character of the visit of appellee's agent; of her conversation with him at the time with reference to her injuries; and of his statements to the effect that appellee wanted to treat her right and pay all the expenses incurred by virtue of her injury. Though she testified that she did not read the release, and did not know its contents, there was no testimony that she was prevented in any manner from reading it, nor from having it fully explained to her before she signed it. On the contrary, her testimony fully disclosed that appellee's agent was there for the purpose of settling with her, and taking care of her expenses in connection with her injury, and that he did in fact leave with her a check for $50, the amount named in the release. There is no proof of fraud, nor do we find any proof that the appellee's agent knew at the time that she was not normal mentally, or that she was under the influence of any drug.

Under these circumstances, we think appellant wholly failed to produce sufficient proof to warrant setting aside the release, or the submission of any issue of fraud or misrepresentation to the jury.

The courts have held that signing an instrument without reading it or knowing its contents affords no grounds for setting it aside, in the absence of any fraud or misrepresentation. Texas Midland Ry. Co. v. Hurst (Tex. Civ. App.) 262 S. W. 172; Globe Fire Ins. Co. v. Limburger (Tex. Civ. App.) 193 S. W. 222; Allgood v. Tarkio Electric & Water Co., 222 Mo. App. 964, 6 S.W.(2d) 51. The finding therefore of the jury that the appellant did not know the nature and contents of the instrument she signed, in the absence of any further finding that her failure to do so was in any manner occasioned either directly or indirectly by any act or representations on the part of appellee, is not sufficient to avoid her written release. Her failure to know its contents must be attributed to her own negligence, and not to any fraudulent act or misrepresentation of the appellee, or of his knowingly taking advantage of the condition in which she claims to have been mentally and physically at the time.

Under this view of the case, the other issues raised become immaterial, and the judgment of the trial court will be affirmed.